UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

**FAZAL RAHEMAN**
Petitioner

V

**UNITED STATES**
Respondent

---

**Petition To Vacate Judgment**
In Criminal Case No. 01-CR-10274-PBS

---

July 20, 2005

Fazal Raheman
Pro Se Petitioner
Reg No 46236-008
Federal Medical Center, Devens
P Box 879
Ayer, MA 01432

Mailing Address after July 29, 2005

---

C/o Don Mossman,
30 Liberty Hill Drive,
Blackstone, MA 01504
Tel. 508 8834722
FAX 508 8834993

## STATEMENT OF JURISDICTION

The Defendant is invoking this Court's jurisdiction pursuant to 28 USC §2255 and 28 USC §1651. Petitioner is not attacking the length of sentence or conditions of imprisonment, but the legality of the criminal judgment itself. The jurisdictionally and constitutionally infirm judgment has continuing adverse "collateral consequences" on ongoing child custody dispute, immigration and Petitioner's liberty interest in living free from an illegal judgment. That Petitioner is "imprisoned at the time [of] fil[ing] is sufficient custody to meet jurisdictional requirement." Robson v United States, 526 F 2d 1145 (1975) citing 28 USC §2255.

## GROUNDS FOR RELIEF

### GROUND ONE

District Court's reversal of grant of Full Faith and Credit to Indian custody proceedings pursuant to UCCJA affirmative defense violated Fifth and Seventh Amendment and Article III of United States Constitution.

### GROUND TWO

Trial and appellate counsels were ineffective in not raising "actual innocence" claim to the IPKCA count based on divested MGLc209B / Article III jurisdiction and absent statutory jurisdiction (MGL c208§31).

### GROUND THREE

Denial of a "de novo" review of Petitioner's purely legal questions raised Pro Se violated Due Process.

### GROUND FOUR

Trial and appellate counsels were ineffective in not raising "actual innocence" claim to Wiretap felony charge.

## STATEMENT OF THE CASE

In a jury trial Petitioner was convicted of unlawful removal and 4 days of unlawful retention (between 11-28-97 and 12-2-97) of his children with intent to obstruct "joint physical custody rights" of their mother pursuant to 18 USC §1204 (International Parental Kidnapping Crimes Act –IPKCA). See Trial Transcript, 7-165-166. Court acquitted Petitioner of continuing retention on account of the UCCJA-compliant foreign child custody proceedings[1], which were with "notice and an opportunity to be heard" and therefore there was no "unlawful retention after

---

[1] The Petitioner (father) filed a child custody action in India on November 18, 1997, 13 days before mother filed her divorce action in Massachusetts on December 1, 1997.

December 2, 1997, when the first Indian order issued". Id. First Circuit Court of Appeals affirmed the judgment without appropriate review of merits of any of the jurisdictional challenge that Petitioner raised Pro Se. See United States v Raheman, 355 F 3d 40 (1st Cir 2004). Pending his first appeal, Petitioner moved Pro Se for relief pursuant to §2255, which he voluntarily dismissed subsequent to appeal, to be filed within one year of the judgment becoming final because his petition for certiorari was still pending in the Supreme Court[2]. On February 18, 2004, Petitioner was released after serving 36 months imprisonment. On March 22, 2004, the Suffolk Probate Court (Docket No.04D-0514), Massachusetts, pursuant to MGL c209B §12, accorded Full Faith and Credit to the child custody proceedings in India, holding that the judgment of Supreme Court of India **"has the same effect as a custody judgment rendered by a court of the Commonwealth."**

On April 15, 2004, the District Court, reversing its own grant of Full Faith and Credit to the foreign court order and the Massachusetts' most recent affirmation of that foreign judgment by the highest court of the land[3], imposed new set of special conditions to effect production of children for custody determination. The Indian Court declined to allow removal of children from its jurisdiction and ordered Interrogatories. On September 15, 2004 the District Court revoked Petitioner's supervised release. On October 18, 2005, he was sentenced to serve one year and one day for the presumptive effect of his response to the Indian Court's Interrogatories. Apparently the Indian Court took upon itself to decide the welfare of the children rather than deferring or ceding to any other court, entirely based upon the "welfare of children" standards established by the Supreme Court of India.

None of the Petitioner's counsels ever raised or developed actual innocence based on lack of jurisdiction pursuant to the state child custody statutes MGLc209B (terminated "controversy" over child custody subject matter) and MGL c208 §31 (barred any pre-divorce "joint physical custody presumption). When Petitioner's appellate counsel did not raise the MGLc209B, MGL c208 §31 challenge in his appellate brief, Petitioner moved to dismiss the counsel. Although, Petitioner raised the questions Pro Se, neither a hearing was ever held in this Court as to why the Massachusetts Supreme Judicial Court's[4] explicit termination of jurisdiction under these provisions should be overruled by a federal court, nor the Court of Appeals addressed it. Counsel

---

[2] In October 2004 Supreme Court denied his petition for Certiorari, and the judgment of conviction became final. See Raheman v United States, 160 L Ed 2d 93 (2004)

[3] On July 24, 2003, acting on a Petition filed by Ms Saihba Ali, the Supreme Court of India held that, the Nagpur Family Court, which had exercised custody jurisdiction over Raheman children since 1997, was "competent court" to award custody of the children to their paternal grandmother. See Saihba Ali v State of Maharashtra & Others, Writ Petition No 58 of 2003. The Indian Family Court, in 2002, sua sponte, transferred the custody of Petitioner's children to their paternal grandmother with whom they have lived since late 1997.

[4] Opinion of Justices to the Senate, 691 N E 2d 911, 914 (1998) (In Massachusetts prior to a divorce judgment on merits **"there is no constitutional or statutory entitlement to any particular form of custody"**, yet Petitioner was convicted of violating "joint physical custody" rights). MacDougall v Acres, 427 Mass 363,369-370(1998) (holding that in Massachusetts MGL c209B is the sole source of child custody jurisdiction, which terminates such jurisdiction when parties acquire another domicile).

also did not raise the Bouknight challenge to special condition of producing children. As a result when the Petitioner raised it Pro Se this Honorable Court asked in the open Court, "Who is Bouknight?" and the First Circuit noted:

> "Appellant Fazal Raheman ("Raheman") did not develop any of his current arguments below".

See United States v Raheman, 04-2504 etc., decided May 11, 2005, p2 (2005). The Bouknight issue is the flagship Certiorari question currently before the Supreme Court. Subsequent to a decision on his Petition for Certiorari, Petitioner may seek leave to amend the instant Petition.

## STANDARD OF REVIEW

All the four grounds are pure questions of law relying only on undisputed facts. Neither this Court, nor the First Circuit has addressed the merits of either the jurisdictional issues raised here, nor on the Massachusetts statutes MGL c209B and MGL c208 §31. This Honorable Court will therefore review the issues "**de novo**".

## FACTUAL AND LEGAL GROUNDS FOR RELIEF

### GROUND ONE

**I. District Court's reversal of grant of Full Faith and Credit to Indian custody proceedings pursuant to UCCJA affirmative defense violated Fifth and Seventh Amendment and Article III of United States Constitution.**

### I.1 Grant Of Full Faith And Credit To Indian Proceedings

The District Court, on March 5, 2001, in the Jury Instructions granted Full Faith and Credit to the Indian custody proceedings:

> "there was notice and opportunity to be heard. Because of the order – you may not find Dr Raheman guilty of unlawful retention after December 2nd 1997, when the first Indian order issued."

Trial Transcript, 7-165-166. This ruling was made in response to Petitioner's assertion of the UCCJA-based affirmative defense in IPKCA statute[5] and was reflected in the jury verdict.

### I.2 Double Jeopardy Clause Of Fifth Amendment Prohibited Reconsideration Of The Verdict

This Honorable Court's ruling, barring unlawful retention beyond December 2, 1997, is nothing less than acquittal based on Full Faith and Credit to the Indian Custody proceedings.

---

[5] 18 USC §1204 (c)(1)- "it shall be affirmative defense under this section that
the defendant acted within the provisions of a valid court order granting the defendant legal custody or visitation rights and that order was obtained pursuant to the Uniform Child Custody Jurisdiction Act and was in effect at the time of the offense".

Supreme Court has repeatedly "defined an acquittal as a resolution, correct or not, of some or all of the factual elements of the offense charged". Sanabria v United States, 437 US 54, 57, 57 L ED 2d 43, 59 (1978) (citations and internal quotes omitted). "[F]orm should not be exalted over substance in determining the - - consequences of a ruling". Sanabria supra, 55.

### I.3 Reexamination Clause of Seventh Amendment Prohibited Reconsideration

There cannot be any dispute that the jury verdict granted Full Faith and Credit to the Indian proceeding resulting in Petitioner's acquittal of unlawful retention beyond December 2, 1997 "when the first Indian order issued". See Trial Transcript supra . "[T]he second clause of the Seventh Amendment - - prohibit[s] - - judicial re-examination of factfindings of a jury". See Colgrove v Battin, 37 L Ed 2d 522, 526 n6 (1973).

Once the Indian proceedings were granted Full Faith and Credit in the jury trial, the District Court was barred by the Double Jeopardy Clause of the Fifth Amendment and the Reexamination Clause of the Seventh Amendment to vitiate that verdict. Therefore Reexamination Clause and "Double Jeopardy [Clause] forbade the judge to reconsider the acquittal [ruling] later." Smith v Massachusetts, 160 L Ed 2d 914, 920 (2005). The court was duty bound to implement the jurisdictional consequence of that verdict as required by Article III mandates of the Massachusetts' version of UCCJA, MGL c209B (MCCJA).

### I.4 Article III Consequences Of Full Faith and Credit To A Foreign Custody Judgment

Whether, under the constitutional Full Faith and Credit Clause (Article IV §1), or, under its implementing statutes (28USC §1738, §28USC 1738A and MGL c209B §§12,14), there is either Full Faith or there is no Faith. There is nothing like Part Faith.

> "The Supreme Court determined that the full faith and credit clause requires that the **judgment of a foreign state must be given full, not partial, credit in the forum state.**"

Troxel v Granville, Annotation, 147 L Ed 2d 1095, 1112 (2000) (citations omitted). A Full Faith and Credit is granted to the foreign custody order only when it has the jurisdiction. And, if the Foreign State is held to have jurisdiction, the Forum State cannot have jurisdiction simultaneously. Either the Forum State has jurisdiction, or the Foreign State has jurisdiction. There is no concurrent jurisdiction in UCCJA. Rightly or wrongly, the Indian Court was irreversibly ruled to have jurisdiction under UCCJA. Divested UCCJA jurisdiction terminated Article III case or controversy required for the District Court to "determine parental rights in reference to State law". The State law enacted in MGL c209B is discussed in Ground Two post.

## GROUND TWO

**II. Trial and appellate counsels were ineffective in not raising "actual innocence" claim to the IPKCA count based on divested MGLc209B / Article III jurisdiction and absent statutory jurisdiction (MGL c208§31).**

Trial counsel did raise the UCCJA affirmative defense pursuant to which Court did grant the Full Faith and Credit to the Indian proceeding. See Ante p3-4. However the counsels failed to

present the jurisdictional consequences of the court's UCCJA ruling, which would have been obvious if they had reviewed the Massachusetts version of UCCJA MGL c209B as expounded by SJC in MacDougall and Custody of Minor (3). The trial and appellate counsels also raised absence of criminal liability in Massachusetts pursuant to Commonwealth v Beals, 405 Mass 550, 554 (Mass 1989). However both counsels failed to raise the very crucial prohibition of any joint physical custody presumption under MGL c208 §31 upon which the jury charge was based.

Because, neither the trial counsel nor the appellate counsel developed or even raised clear mandates of MGLc209B and MGLc208 §31 First Circuit found that the issues were not developed.
> "Appellant Fazal Raheman ("Raheman") did not develop any of his current arguments below".

See United States v Raheman, 04-2504 etc., decided May 11, 2005, p2 (2005).

"An ineffective assistance claim requires the defendant - who bears the burden of proof to show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's failures, the outcome would likely have been different." Cirilo-Munoz v United States, 404 F 3d 527, 530 (2005) citing Strickland v Washington, 466 US 668, 687 (1984). "One would need potent reason for omitting the [actual innocence] argument." Id, 531. Had the trial counsel argued the jurisdictional constraints of MGL c209B and MGL c208 §31 and "had the [jurisdictional] issue been pressed [by counsel] on direct appeal, it would have altered the outcome of the appeal." Id, 531. The limitations of these Massachusetts statutes "w[ere] so obvious and promising that no competent lawyer could have failed to pursue it." Id, 530. "Nothing is more damaging to a new truth than old error." Id, 537 (Torruella J dissenting).

### II.1 Destroyed MGL c209B / Article III "Case" or "Controversy"

Ms Ali testified in the trial, that she left Massachusetts sometime in May 1999. All parties to the child custody dispute are non-domiciliaries since 1999. Whether a state court, or a federal court,
> "[a] Massachusetts court's exercise of jurisdiction over custody determination must be based solely on the MCCJA, GLc209B."

MacDougall v Acres, 427 Mass 363, 369-370(1998). MGL c209B terminates such jurisdiction when parties acquire another domicile and renders prior child custody judgments unenforceable. Custody judgments do not offer any res judicata protection to litigants who have acquired another domicile[6]. Such divestment of jurisdiction does not depend on where and how the parties move. The provisions of MGLc209B apply to International disputes with the same force[7]. Pursuant MGL

---

[6] In Cricenti, supra, pursuant to a consent judgment "the parties agreed that [Massachusetts] would retain jurisdiction of the child custody issues and the wife appointed her attorney as resident agent for service." Cricenti at 787. Wife retained the children in Nebraska unlawfully. The Court held Massachusetts law "preclude[d] the parties from conferring continuing jurisdiction on the Massachusetts court". Cricenti, 788. **MacDougall and Cricenti Courts did not accord Full Faith and Credit to their own a year-old custody decrees under MGL c209B when the parties ceased to live in Massachusetts.**

[7] Granting Full Faith and Credit to the judgment of a Family Court of a foreign country the Massachusetts High Court stated, "[t]here is nothing in G.L.c209B that indicates that a

c209B, MacDougall supra, Massachusetts Courts lost their continuing jurisdiction over Raheman children's custody dispute in May 1999. "From that point forward there was no longer live controversy" extant in Massachusetts. Neither November 28, 1997 Massachusetts order, nor any subsequent child custody orders were cognizable under MacDougall and Cricenti, let alone amenable for construing parental rights in reference to State law. Without an extant Article III controversy the District Court was without jurisdiction to render any ruling on parental rights of the parties.

### II.2 Absent Statutory Jurisdiction Under MGL c208 §31

Petitioner was charged and convicted of violating "joint physical custody" rights, 18 USC §1204(b)(2), of Ms Ali by "operation of [Massachusetts] law". ("Ms Ali had a right to joint physical custody"); Jury Instructions[8], p25 n14. Government also does not dispute that IPKCA incorporates the State law and references a state-created right for violation and does not create a new federal right. Therefore, in the instant case the types of parental rights cognizable under IPKCA are statutory rights defined by Massachusetts statute MGL c208 §31.

Petitioner does not claim that Ms Ali did not have any parental rights or she does not have constitutional rights; he only claims he did not violate her specific form of "joint physical custody (i.e. joint, sole or visiting rights)" included in §1204(b)(2), and determined in reference to MGL c208 §31, which explicitly prohibits a pre-divorce "presumption of shared physical custody." See MGL c208§31 ¶2 (**"Nothing herein shall be construed to create any presumption of temporary shared physical custody"**).

In Massachusetts prior to a divorce judgment on merits **"there is no constitutional or statutory entitlement to any particular form of custody."** Opinion of Justices to the Senate, 691 N E 2d 911, 914 (1998) citing MGL c208 §31[9], Commonwealth v Beals, 405 Mass 550, 554 (Mass 1989). Since the SJC clarified that the §31 indeed prohibits any pre-divorce joint physical custody presumptions in 1998, there have been grass roots level initiatives by Massachusetts voters to push an amendment to §31. One such initiative came as a ballot question in the most recent November 2004 elections. This ballot question in the five western districts was:

---

Massachusetts court has discretion not to follow the mandates of § 2(d) and (e) or has the right to consider the substantive propriety of the underlying decision of the foreign court." Custody of a Minor (No.3), 468 N E 2d 251, 254 (Mass 1984) "MGL c209B is the Massachusetts adaptation of UCCJA and mandates the same policies." Id. "Courts appl[y] the Uniform Child Custody Jurisdiction Act to international custody disputes". Custody of Minor,253(Mass 1984)(citations omitted). Massachusetts Courts do not have "the right to consider the substantive propriety of the underlying decision of the foreign court." Id,254.

[8] The Jury was inter alia instructed that "[i]n Massachusetts both parents have joint custody of a minor prior to the intervention of a court." Jury Instructions.

[9] Massachusetts Child Custody statute differentiates pre-divorce "equal custody" from "shared legal custody" and "shared physical custody rights". The Petitioner's jury charge relates to the latter form of custody right, i.e. joint physical custody, which in Massachusetts cannot be presumed prior to a court order. See MGL c208 §31.

Page 6 of 9

> "Shall the state representative from the district be instructed to vote for legislation to create a strong presumption in child custody cases in favor of joint physical and legal custody-".

See Ballot Question, November 2004 Elections. If §31 did not bar such a pre-divorce "joint physical custody" presumption, the initiative of Massachusetts voters to amend §31 would be pointless. The Trial Court granted Ms Ali a right that is explicitly prohibited under Massachusetts law. Until the §31 statute is amended Massachusetts remains unique amongst the 50 states in explicitly barring any pre-divorce joint physical custody presumption. If government perceives it as injustice, it will be up to the Commonwealth through its courts or legislature, to address the issue of that injustice.

Applying the Massachusetts law as enshrined in MGL c209B and MGL c208§31 to Petitioner's case the jury could not have found him guilty, if the counsels had raised and developed such challenge.

## GROUND THREE

### III. Denial of a "de novo" review of Petitioner's purely legal questions raised Pro Se violated Due Process.

It is a bedrock principle that questions of law are reviewed de novo. Petitioner had raised purely legal questions Pro Se before this Court and the First Circuit, which required absolutely no fact finding. In fact jurisdictional inquiry is mandated sua sponte "to satisfy not only its own jurisdiction, but also that of the lower courts" "even though parties are prepared to concede". See Bender v Williamsport, 89 L Ed 2d 501, 511 (1986), also Kokkonen v Guardian, 128 L Ed 2d 391, 395 (1994). Petitioner has repeatedly raised his challenge to the subject matter jurisdiction, but has been consistently denied any review much less a de novo review.

The questions challenged the Court's constitutional jurisdiction (Article III) and statutory jurisdiction (MGL c208§31 and MGL c209B). When the Massachusetts SJC explicitly held:
i) that MGL c209B **"apply to custody decrees - - rendered by appropriate authorities of other nations"** applies to custody judgments of foreign countries, Custody of Minor (No.3), supra at 253,n3;
ii) that MGL c209B divests child custody jurisdiction over non-domiciliary parties even to execute a less than a year old Massachusetts' own consent judgment, See MacDougall and Cricenti at Ante p5-6n6&7; and,
iii) that MGL c208 §31 bars any presumption of pre-divorce joint physical custody presumptions, Opinion of Justices supra, Ante p7;

No reasoning was ever provided as to why SJC did not mean what it explicitly said in those cases. Each of these Massachusetts rules settled by State's highest court is binding in a federal court, and in the least, merits a de novo review. "A State supreme court's construction of the State's own law is authoritative." Ring v Arizona, 153 L Ed 2d 556, 559 (2002).

**Liberty Interest In The Correct Standard Of Review**
Supreme Court has repeatedly selected cases exclusively on a single issue of appropriateness of the standard of review and affirmed or reversed entirely on the basis of

Page 7 of 9

appropriateness of the standard of review used in the courts below[10]. These cases establish a litigant's liberty interest in the correctness of the "standard of review" due his case.

In the instant case this Court neither held a hearing nor even addressed the State statutes in any of its written or bench rulings. Neither did First Circuit address it. Use of inappropriate "standard of review" adversely affects the outcome of an appellate review. In Cooper Industries v Leatherman Tool Grp., 149 L Ed 2d 674, 676 (2001)

> Supreme Court "remanded for a determination of due process issue under the proper de novo standard of review, where the Court of Appeals' answer to the constitutional question may depend upon the standard of review."

Any "constitutional issue merits de novo review". Cooper, 684. Hence, a complete "de novo" review of MGLc209B and MGL c208 §31 would have unequivocally established Petitioner's actual innocence. Applying a less demanding standard of review, rather no review at all, violated Due Process Clause of the Fifth Amendment.

## GROUND FOUR

**IV. Trial and appellate counsels were ineffective in not raising "actual innocence" claim to Wiretap felony charge.**

The Wiretap statute defines three different offenses ranging from infraction to felony. Only wiretap of landline phone is included in the felony offense, 18 USC §2511(1)(a), and wiretap of a cordless is either a misdemeanor, 18 USC §2511(4)(b)(i) or an infraction, 18 USC §2511(4)(b)(ii), depending upon the mode of wiretap. The trial counsel neither moved to clarify whether the charged offense was felony, nor sought dismissal of the charge, nor produced the evidence that established that Mr Ali always used a cordless phone. In fact her residence never had a landline phone. The appellate counsel argued the elements of cordless phone offenses as sentencing factors under Apprendi. Apprendi was not relevant because the issue was "whether words in a federal criminal staute create offense elements (determined by a jury) or sentencing factors (determined by a judge). See Castillo v United States, 147 L Ed 2d 94, 97 (2000). Under multi-offense-statutes line of Supreme Court cases, factors that decrease punishment from 5 years imprisonment to no

---

[10] Koon v United States, 135 L Ed 2d 392, 422 (1996) ("Discretion was reserved within the Sentencing Guidelines, and reflected by the standard of appellate review" therefore "abuse of discretion" review affirmed by Supreme Court), Buford v United States, 149 L Ed 2d 197, 202 (2001) (de novo does not apply when "sentencing statute requires a reviewing court - - to give deference to the district court's application of the guidelines to the facts"), Cooper Industries v Leatherman Tool Grp., 149 L Ed 2d 674, 690 (2001); Bose Corp v Consumers Union, 80 L Ed 2d 502, 522n27 (1984) ("Questions of constitutional fact compel [ ] Court's de novo review"); First Options of Chicago v Kaplan, 131 L Ed 2d 985, 990 (1995) ("deciding questions of law de novo"); Ornelas v United States, 517 US 690, 134 L Ed 2d 911 (1996) (fact-bound issue of probable cause for warrantless search held merits de novo and not deferential review); United States v Bajakajian, 141 L Ed 2d 314, 331n10(1998) ("for the application of constitutional standard to the facts of a particular case, and in this context de novo review of that question is appropriate").

Page 8 of 9

incarceration cannot be sentencing factors, but they are elements of three distinct crimes[11]. Petitioner was neither charged with the essential element of a felony offense (landline phone), nor could have been convicted of a felony but for counsels' less than adequate performance.

## CONCLUSION

The instant Petition raises substantive claims of constitutional violations, none of which, as observed by the First Circuit, were developed by either counsel in this Court. Petitioner's prosecution under IPKCA involved very novel application of the provisions of the Massachusetts child custody statutes. In fact the statutes were never actually applied or referred even once in the entire prosecution. The jurisdiction was just assumed despite MGL c209B clearly divesting it, and the cognizable custody rights were merely presumed despite MGL c208 §31 unambiguously barring it. Petitioner's conviction is entirely based on such unauthorized presumptions. It is fundamental miscarriage of justice that the Courts would decline to address or even mention these State statutes merely because Petitioner's counsels did not raise them.

A petition for Certiorari is currently pending in the Supreme Court. Petitioner will seek leave of this Honorable Court to supplement his claims and file a Memorandum of Law subsequent to the Supreme Court's disposition of the pending Certiorari petition.

For all the above reasons Petitioner respectfully prays that the Honorable Court docket the instant Petition and order the Respondent be served a copy for a timely response.

Respectfully submitted,

Fazal Raheman, Pro Se
Reg. 46236-008
FMC, Devens, P Box 879,
Ayer, MA 01432

After July 29, 2005
C/o Don Mossman
30 Liberty Hill Drive
Blackstone, MA 01504

### Certificate Of Mailing The Petition

I, the undersigned Petitioner, herein certify that I mailed the original and two copies of the foregoing Petition to the Clerk, United States District Court For The District Of Massachusetts, by depositing it in the FMC Mailing system, First Class postage prepaid on July 20, 2005. Boston, MA 02210

Certified Mail Receipt No. 7004 1160 0007 0140 2625    Fazal Raheman

---

[11] Jones v United States, 143 L Ed 2d 311, 331 (1999)("establishing three different offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict"); Carter v United States, 530 US 255 (2000); Castillo v United States, 147 L Ed 2d 94, 102 (2000); Ring v Arizona, 536 US 584 (2002); but compare Harris v United States, 535 US 545 (2002).

Page 9 of 9