UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAZAL RAHEMAN
    Petitioner
    v.
UNITED STATES
    Respondent

CIV. NO. 05-CV-11568-PBS

## MOTION FOR ENLARGEMENT OF TIME

Petitioner has simultaneously moved for Leave to Supplement Original Claims based on a recently denied review by the United States Supreme Court. As per this Court's order dated October 30, 2005, Petitioner's Reply Brief is due on December 30, 2005. For reasons set forth herein the Petitioner respectfully moves this Honorable Court for further enlargement of time until February 28, 2006 to file his Reply Brief and Memorandum of Law.

Petitioner arrived in India on September 21, 2005 without his legal papers. Earlier this month Petitioner received bulk of his legal papers held by one of his friends in Massachusetts. Portions of the court papers are still held up in Maryland, which are due to arrive in early January 2006.

Moreover, driven by the inclination of the Indian Courts[1] to refer the dispute to the International Court of Justice[2], Petitioner has been contacting law firms in Boston for a Pro Bono representation for arguing the issues never addressed by this Court, but poised to go before the International Forum.

---

1. "International Court of Justice will be proper forum." Judge Bhavna Thakkar, Nagpur Family Court, Paragraph 49 of the Judgment served to Petitioner on July 8, 2005.

2. The I.C.J. decided a child custody case half a century ago laying down principles substantially similar to these enunciated by the United States Supreme Court around the same time in its pre-UCCJA cases.

1

A similar "effect of the Supreme Court order" situation recently arose in another unrelated jurisdictional conflict case between India and the United States. The Indian Supreme Court, on October 21, 2005, addressing directly the Family Court of the State of New York, observed:

> "it needs no emphasis that the effect of the court's order - more particularly a sup[reme] court - and its enforceability should not be left to be decided by the perception of a court in another country."

<u>Supreme Court of India Vs a New York Family Court, Reported by Times News Network, October 22, 2005, www.timesofindia.indiatimes.com/articleshow/1271819.cms</u> (in <u>Prasad v Jayakrishna</u>). In his opinion, Justice Pasayat asked the solicitor general of India to find out,

> "if diplomatic arrangements can be made so that there is no scope for a sup[reme] court's order in one country to be ignored by a court of another country."

<u>Id</u>. In light of the Prasad supra decisions the instant case may possibly be combined with the Prasad case for a resolution in International forum.

In the unusual circumstances of the case, the Petitioner did seek one enlargement of time prior to the instant Motion. The grant of extended time will not tax any government interest, nor will it burden Court's Calendar. On the contrary it facilitates better presentation and resolution of the issues.

For all the above reasons Petitioner respectfully prays that his request for enlargement of time until February 28, 2006 be kindly allowed.

Respectfully submitted,

*/s/ Fazal Raheman*

Fazal Raheman

**Certificate Of Mailing The Petition**

I, the undersigned Petitioner, herein certify that I served a copy of the foregoing pleading to Mr John T. McNeil, AUSA, on December 23, 2005, by mailing first class postage prepaid through Mr Don Mossman to One Courthouse Way, Suite 9200, Boston, MA 02210.

*/s/ Fazal Raheman*

Fazal Raheman

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAZAL RAHEMAN
       Petitioner
  v.
UNITED STATES
       Respondent

CIV. NO. 05-CV-11568-PBS

**Motion For Leave To Supplement Original Claims**

The Petitioner in the above captioned cause respectfully moves this Honorable Court for leave to supplement the original four grounds for relief. As reasons therefore Petitioner submits that the instant Petition was filed on July 22, 2005 within one year of his conviction becoming final[1], at which time the review of his second appeal regarding the question of his Fifth Amendment privilege against self-incrimination was still pending in the Supreme Court[2]. The question of self-incrimination was therefore not raised in his Petition but envisaged as a supplement at an appropriate stage.

> "Petitioner will seek leave of this Honorable Court to supplement his claims and file a Memorandum of Law subsequent to the Supreme Court's disposition of the pending Certiorari petition."

See Petition, p10 and also p4. In the previous week (week of December 12, 2005), a copy of the final Supreme Court order dated the November 28, 2005, denying a review of his second appeal was received by the Petitioner, See Exhibit A. As averred in his original Petition, in the facts

---

[1] In October 2004 Supreme Court denied his petition for Certiorari, and the judgment of conviction became final. See Raheman v United States, 160 L Ed 2d 93 (2004).

[2] "The Bouknight issue is the flagship Certiorari question currently before the Supreme Court. Subsequent to a decision on his Petition for Certiorari, Petitioner may seek leave to amend the instant Petition." See Petition, p4.

and circumstances of the case the Petitioner now seeks leave of this Honorable Court to amend and supplement his Petition and present the Fifth ground for relief as follows.

### GROUND FIVE

**Compelled production of children by a non-custodian parent under a criminal supervised release statute is unconstitutional under Baltimore v Bouknight, 493 US 549 (1990) and its legal precedent Baltimore v Teresa B., 2005 U.S. LEXIS 4131, 161 L. Ed. 2d 1079 (2005).**

In Bouknight[3] the Supreme Court established a Self-Incrimination rule for lower courts' compliance, in the event they compel a parent, at an alleged risk of criminal prosecution, to produce his or her children. The rule requires two elements to be present for overcoming the Fifth Amendment privilege.

i) **Firstly**, the parent should have "**assume[d] custodial duties related to production**"[4], &,

ii) **Secondly** such production order should be under a "**non-criminal regulatory regime**".

See Bouknight 1000. This Court based those two prongs of the Bouknight rule on two distinct lines of Supreme Court cases. See Bouknight, 1002. Government conceded the second prong, that the Petitioner was a non-custodian parent. Recently, subsequent to First Circuit's decision, 21 States filed Amicus Curiae Brief to extend Bouknight's application to criminally charged non-custodian parents In Re: Ariel G.. 383 Md 240, 858 A 2d 1007 (Maryland 2004). See Baltimore City Social Services Department v Teresa B. Supreme Court Doc No. 1054, Certiorari Denied,

---

[3] The Bouknight majority agreed that "Bouknight's act of production would be self incriminating", but explained why in her circumstances, she couldn't claim the privilege. "Bouknight may not invoke the privilege to resist the production order because she has **assumed custodial duties related to production** and because **production is required as part of a non criminal regulatory regime**." Baltimore v Bouknight, 107 L Ed 2d 992, 1000, 493 US 549 (1990).

[4] According to Bouknight, custodial parents are "[p]ersons who care for children pursuant to a custody order, and who may be subject to a request for access to the child." Bouknight, 1003. Hence they "assume custodial duties related to production". See Id.

2

May 16, 2005. Supreme Court however declined the invitation to extend Bouknight's holding to criminally charged non-custodian parent, allowing the Maryland High Court's interpretation of Bouknight to become final and conclusive. The instant judgment directly conflicts with Teresa B and Bouknight's Fifth Amendment precedents. Had this Court entered an opinion on Bouknight's self-incrimination rule, the outcome of the instant case would have been different. Even the First Circuit noted:

> **"Appellant Fazal Raheman ("Raheman") did not develop any of his current arguments below".**

See United States v Raheman, 04-2504 etc., decided May 11, 2005, p2 (2005). The Petitioner will therefore file a Memorandum of Law with his Reply Brief to facilitate a disposition of the issues on merits. Granting Petitioner leave to amend his Petition will also save judicial resources by preventing another post judgment proceeding and resolve all the issues in a single forum.

For all the above reasons Petitioner respectfully prays that his request for leave to amend his 2255 Petition be kindly granted and Ground Five be added to the Grounds for relief.

Respectfully submitted,

Fazal Raheman

### Certificate Of Mailing The Petition

I, the undersigned Petitioner, herein certify that I served a copy of the foregoing pleading to Mr John T. McNeil, AUSA, on December 23, 2005, by mailing first class postage prepaid through Mr Don Mossman to One Courthouse Way, Suite 9200, Boston, MA 02210.

Fazal Raheman

3

**Supreme Court of the United States**
**Office of the Clerk**
**Washington, DC 20543-0001**

William K. Suter
Clerk of the Court
(202) 479-3011

November 28, 2005

Mr. Fazal Raheman
c/o Don Mossman
30 Liberty Hill Drive
Blackstone, MA 01504

> Re: Fazal Raheman
> v. United States
> No. 05-5437

Dear Mr. Raheman:

The Court today entered the following order in the above-entitled case:

The petition for rehearing is denied.

Sincerely,

*William K Suter*

William K. Suter, Clerk

**Exhibit A**