FEDEX AIRBILL # 8574 4692 1198

FILED
IN CLERKS OFFICE

2006 JUL 25 A 10: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FAZAL RAHEMAN
    Petitioner
v.
UNITED STATES
    Respondent

CIV. NO. 05-CV-11568-PBS

## Memorandum In Compliance With Court Order Dated May 26, 2006

The Petitioner in the above captioned cause respectfully files the instant Memorandum in compliance with the Court Order of May 26, 2006. As reasons therefore Petitioner submits that the instant Petition was filed on July 22, 2005, well within one year of his conviction becoming final[1], at which time the review of his second appeal regarding the question of his Fifth Amendment privilege against self-incrimination was still pending in the Supreme Court. On or about December 23, 2005, after Supreme Court's denial of his petition for Certiorari, Petitioner filed an amendment supplement to his original four claims and added a fifth claim. Neither in his original Petition, nor in his supplemented fifth ground for relief Petitioner has attacked the length of sentence or conditions of imprisonment. He is challenging the constitutionality of the criminal judgment itself. The jurisdictionally and constitutionally infirm judgment has continuing adverse "collateral consequences" on the ongoing child custody dispute, on his liberty interest in living free from an illegal judgment, and of course immigration consequences.

1

"The Supreme Court has long held that when a defendant appeals from a criminal conviction, courts are to presume the existence of collateral consequences." See United States v. Duclos, 382 F.3d 62 (1st Cir 2004) citing Sibron v. New York, 392 U.S. 40, 55, 20 (1968).

> "in the context of criminal conviction, the presumption of significant collateral consequences is likely to comport with reality. As we said in *Sibron*, it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." 392 U.S. at 55. The same cannot be said of parole revocation."

Spenser V Kemna, 523 U.S. 1; 118 S. Ct. 978; 140 L. Ed. 2d 43 (1998) citing Sibron at U.S. 40, 55-56. The Petitioner has generally challenged the constitutionality of his conviction and more specifically this Court's jurisdiction over a subject matter that was terminated under Massachusetts law in 1999. He has not challenged the length of sentence or conditions of imprisonment or revocation of supervised release. The question of mootness therefore does not arise.

Moreover, the settled law on collateral consequences of a criminal conviction in this jurisdiction is very clear. In Leito v Reno, 311 F.3d 453 (1st Cir 2002) First Circuit joined other Circuits in holding inadmissibility of a deported alien as sufficient collateral consequence to satisfy the case or controversy requirement.

> "We too hold that the bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner."

Leito supra. It is not disputed that the inadmissibility of Petitioner is a direct consequence of his criminal conviction.

---

[1] In October 2004 Supreme Court denied his petition for Certiorari, and the judgment of conviction became final. See Raheman v United States, 160 L Ed 2d 93 (2004).

Lastly and most importantly, Ms Ali's appeal was recently dismissed by the Bombay High Court clearing the way to the Indian Court's referral[2] of the dispute to the International Court of Justice, wherein the flagship issue is violation of Petitioner's fundamental human right to judicial resolution of all of his claims not only under this country's "access to court" jurisprudence but under the International treaties to which the United States is a signatory. See **Articles 3, 8 and 10 of the Universal Declaration of Human Rights** and **Articles 2, 9 and 14 of the International Covenant on Civil and Political Rights**. The controversy over unauthorized UCCJA jurisdiction therefore remains alive.

For all the above reasons Petitioner respectfully prays that his Petition for post-conviction relief pursuant to 28 USC §2255 kindly be reviewed on merits of his claims.

Respectfully submitted,

Fazal Raheman

### Certificate Of Mailing The Petition

I, the undersigned Petitioner, herein certify that I served a copy of the foregoing pleading to Mr. John T. McNeil, AUSA, on July 24, 2006, by overnight delivery to One Courthouse Way, Suite 9200, Boston, MA 02210.

Fazal Raheman

---

[2] "International Court of Justice will be proper forum." Honorable Justice Bhavna Thakkar, Nagpur Family Court, Paragraph 49 of the Judgment served to Petitioner on July 8, 2005.