UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAZAL RAHEMAN ) | |
|     Petitioner ) | |
| v. ) | CIV. NO.  05-CV-11568-PBS |
| ) | |
| UNITED STATES OF AMERICA ) | |
|     Respondent ) | |

**Government's Response to Procedural Order (May 26, 2006)**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully responds to the Court's Procedural Order dated May 26, 2006.

The petitioner filed this action during the pendency of his custody with the Bureau of Prisons.  Raheman filed this petition on July 22, 2005.  At the time, he was serving a sentence for violation of supervised release at FMC Devens.  Raheman was released by the Bureau of Prisons on July 29, 2005, one week after he filed the instant petition.  Thus, it appears that the Court properly had jurisdiction over Raheman's claims related to his supervised release revocation. See 28 U.S.C. §2255 (petitions permissible only for "a prisoner in custody"); Leitao v. Reno, 311 F.3d 453, 455-56 (1st Cir. 2002)(petitioner was in "custody when he filed his habeas petition, which is enough to satisfy the jurisdictional custody requirement " under 28 U.S.C. §2241); Smith v. Ashcroft, 295 F.3d 425, 428 (4th Cir. 2002) (petitioner "needed only to be 'in custody' at the time the petition was filed to avoid a jurisdictional challenge based on the 'in custody' requirements of the habeas statute").

The Court has sought briefing on whether this action has subsequently been rendered moot by the petitioner's completion of his sentence and his deportation to India.  In short, the question posed is whether there is a sufficient collateral consequence arising from the revocation of his supervised release to give rise to a continuing case or controversy under Article III of the

Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Duclos, 382 F.3d 62, 65 -66 (1st Cir. 2004); Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004).

Raheman has failed to establish any collateral consequence associated with the revocation of his supervised release.  As such, he cannot establish a live case or controversy and his petition must be dismissed as moot.  Because the instant petition was filed in relation to the revocation of Raheman's supervised release, this Court may not presume collateral consequences. Duclos, 382 F.3d at 66.  "As the current appeal is not from [the petitioner's] underlying conviction but only from the revocation of his supervised release term and the substitution therefor of a term of imprisonment, we do not presume the existence of collateral consequences. . . Rather, we require appellant to show the existence of actual consequences of sufficient substance to establish an ongoing case or controversy." Id. (Citation omitted).  While there may be a collateral consequence from Raheman's underlying conviction for international parental kidnapping, as outlined below, Raheman has failed to identify any cognizable consequence from the revocation of his supervised release.

Raheman has argued, without supporting citation, that the impact of his convictions on his ongoing child custody dispute and his "interest in living free from an illegal judgment" are sufficient collateral consequences to maintain this action.  The government disagrees with these assertions.  He has failed to demonstrate how his revocation of supervised release (or his underlying conviction) has had any impact on his child custody dispute.  In fact, he has been reunited with his children in India, and Ms. Ali still remains without the custody of them despite orders from the Middlesex Probate Court.  Moreover, Raheman's generalized interest in living free from a criminal conviction is insufficient to maintain a case or controversy.  If such a generalized consequence was sufficient to maintain a petition then no petition would ever be

rendered moot after a defendant's release from custody. See gen. Spencer, 523 U.S. 1. Finally, Raheman has failed to articulate how his revocation of supervised release has any impact on his immigration status. In the absence of his failure to demonstrate such consequences, the petition must be denied as moot.

Finally, the government notes that this Court agreed to dismiss, over the government's objection, Raheman's original petition under 28 U.S.C. §2255. See Raheman v. United States, Civ. No. 02-CV-12484-PBS. That petition was filed in relation to his original conviction on parental kidnapping and wiretapping charges. In granting Raheman's motion to dismiss, the Court initially noted that it was "without prejudice." Civ. No. 02-CV-12484-PBS: Electronic Order (5/5/04). The government argued that the Court was without authority to grant Raheman's request that he be permitted to file "a fresh petition" at a time when all of his appeals had been completed, because the Court was bound by the jurisdictional limits of 28 U.S.C. §2255. The Court subsequently amended its order dismissing Raheman's original petition noting that "I deny the [government's] motion to reconsider the dismissal but I agree that defendant/petitioner is bound by the applicable statute of limitations." Civ. No. 02-CV-12484-PBS: Electronic Order (5/14/04).

Raheman has not argued that his petition in the instant action is a permissible refiling of his original petition pursuant to 28 U.S.C. §2255. If he makes such a claim, and the Court determines that the instant petition is one from the conviction itself, and not just from his revocation of supervised release, then the government agrees that Raheman has identified one cognizable collateral consequence despite his deportation. Raheman's conviction for international parental kidnapping, under 18 U.S.C. §1204, qualifies as a conviction of "moral turpitude" under applicable immigration law. See 8 U.S.C. §1182(a)(2)(A)(i)(I). As such,

Raheman's conviction for this crime bars him from lawfully re-entering the United States. Id.; see also United States v. Uribe-Londono, 409 F.3d 1, 5 (1st Cir. 2005).[1]  A number of courts have held that the prohibition from entering the United States as a result of a criminal conviction is a cognizable collateral consequence. See e.g. Chong v. District Director, I.N.S, 264 F.3d 378, 384 -385 (3rd Cir. 2001); Smith, 295 F.3d at 428. Courts have also recognized that the imposition of a ten year waiting period before reapplying for admission to the United States is also a cognizable collateral consequence. See e.g. Leitao, 311 F.3d at 455-56.

      To the extent that this Court concludes that the instant petition is from the revocation of Raheman's supervised release only, this Court should dismiss this action as moot because Raheman has failed to demonstrate a collateral consequence from the revocation of his supervised release. Alternatively, if the Court concludes that its earlier order to dismiss Raheman's petition in Raheman v. United States, Civ. No. 02-CV-12484-PBS, permitted Raheman to challenge his conviction together with his supervised release revocation in the instant petition, then this matter is not moot. In any event, because of the uniquely confusing procedural status of the instant petition, the government also urges the Court to deny the petition on the merits for the reasons set forth in the Government's Opposition to Petition to Vacate

---

[1] Raheman is barred from admission to the United States for other reasons as well, including the fact that his most recent entry to the United States was unlawful because his lawful permanent resident status ("green card") had expired. Notably, Raheman is also inadmissible until he complies with the orders of the Middlesex Probation Court to return custody of the children to Ms. Ali. See 8 U.S.C. §1182(a)(10)(C).

<u>Sentence</u> (Doc. No. 6).

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

Date: August 23, 2006            By  /s/ John T. McNeil
                              JOHN T. MCNEIL
                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

     I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                              /s/ John T. McNeil
                              JOHN T. McNEIL
                              Assistant U.S. Attorney